IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:21-cv-01557-DDD-KMT

JERRY GARDNER,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

**DEFENDANT'S MOTION TO COMPEL MEDICAL EXAMINATION OF PLAINTIFF**

DEFENDANT, State Farm Mutual Automobile Insurance Company, by and through its attorneys, Patterson Ripplinger, P.C., hereby moves this Court to enter an Order compelling Plaintiff to attend a medical examination with a doctor selected by Defendant.  In support hereof, Defendant states as follows:

**CONFERRAL**

Defendant's counsel certifies that in accordance with D.C.COLO.LCivR 7.1, he conferred with Plaintiff's counsel prior to filing this Motion and Plaintiff opposes the relief requested herein. Defendant is aware of the Court's Practice Standards that require the parties confer to resolve discovery disputes and if unable to resolve the dispute through conferral, to contact the Court on a mutually convenient time to set an informal discovery conference.  The parties have conferred concerning this matter and Plaintiff objects to attending an examination with the doctor chosen by Defendant, Dr. Brian Reiss.  In response to Plaintiff's objection to attending an examination with Dr. Reiss, Defendant's counsel made repeated efforts to secure Plaintiff's counsel's cooperation to contact the Court to set an informal discovery conference, but Plaintiff's counsel refuses to

1

participate in a call to the Court. *See,* Exhibits A through O attached hereto. Based on Plaintiff's counsel's refusal to participate in a mutually convenient call to the Court, Defendant's counsel contacted the Court's chambers and was instructed to proceed with filing this Motion.

## BACKGROUND

On August 4, 2016, Plaintiff was involved in a motor vehicle accident with another motorist. Plaintiff claimed that he was injured in the accident and pursued a claim against the other driver. Plaintiff settled his claim against the other motorist for the bodily injury liability policy limits of $50,000. Plaintiff then demanded payment of the underinsured motorist (UIM) policy limits under a policy issued by Defendant. The medical records submitted by Plaintiff indicated that he complained of left sided neck and shoulder pain after the accident. Initial cervical spine x-rays showed no evidence of acute osseous injury or segmental instability. Plaintiff then received chiropractic treatment and physical therapy between August and November 1, 2016. There was then a lapse of any treatment until July 2017 when a cervical MRI was performed and showed significant age-related hypertrophic change. Thereafter, Plaintiff received a couple cervical epidural injections in late 2017. In 2018, his medical care was limited to a couple imaging studies without any ongoing treatment. His next medical treatment was not until more than two years later when he was evaluated at Colorado Springs Orthopedic Group in November 2020 for neck and left shoulder pain. He then began another course of physical therapy that continued for several months into 2021. Finally, in April 2021, Plaintiff had a discussion with his medical provider about conservative treatment vs. surgery options. At that time, Plaintiff did not make a decision to proceed with surgery and he still has not decided whether to proceed with surgery.

Based on the medical records submitted by Plaintiff that included approximately $23,000 in medical bills and multiple lapses in treatment that spanned a period of more than two years,

Defendant advised Plaintiff that based on the information he submitted, no UIM benefits were owed. Defendant further advised Plaintiff that it remained open to consider additional information that it had requested but had not been provided. After this lawsuit was filed, Plaintiff prepared his initial disclosures that included a description of his damages to include "projected and presently unknown probable cost for the 3-level cervical fusion procedure being suggested to him." Based on the injuries and damages being claimed by Plaintiff, Defendant advised him that it planned to proceed with a physical examination of him by an orthopedic spine specialist. Defendant advised Plaintiff of this plan on October 4, 2021. *See Exhibits A and B attached hereto.* Thereafter, Defendant made multiple attempts to secure Plaintiff's cooperation in attending a medical examination, but Plaintiff's counsel continued to object to the examination based on an argument that Dr. Reiss is not qualified and is biased. *See Exhibits A through O attached hereto.*

## ARGUMENT

Defendant has a right to request an examination of Plaintiff both under F.R.C.P. Rule 35 and the terms and conditions of the insurance policy. To begin with, F.R.C.P. Rule 35 provides that a court may order a party to submit to a physical or mental examination by a suitably licensed or certified provider when the mental or physical health of a party is in controversy. *Simpson v. University of Colorado,* 220 F.R.D. 354 (D. Colo. 2004). Furthermore, Rule 35 should be construed liberally in favor of granting discovery. *Id.* Here, Plaintiff's physical health is undeniably in controversy because he is claiming an injury to his cervical spine requiring surgery and Defendant questions the causal connection between Plaintiff's claimed cervical injury and the treatment being considered. Plaintiff has indicated that he is willing to attend an examination, but he will not agree to attend an exam with Dr. Reiss. Defendant has selected Dr. Brian Reiss to perform the examination of Plaintiff. Defendant selected Dr. Reiss based on the cervical spine

injury claimed by Plaintiff and Dr. Reiss' area of expertise. Dr. Reiss is a board-certified orthopedic spine surgeon. *See Exhibit L attached hereto.* Plaintiff objected to the use of Dr. Reiss because he does not believe that Dr. Reiss is qualified, and he believes that Dr. Reiss is biased. Plaintiff, however, does not get to dictate Defendant's selection of a doctor or the conditions of the exam. *See Galieti v. State Farm Mutual Auto. Ins. Co.,* 154 F.R.D. 262 (D. Colo. 1994). Plaintiff has not demonstrated that Dr. Reiss is not qualified to examine and evaluate Plaintiff's claimed cervical injury. To the contrary, Dr. Reiss' CV, which was provided to Plaintiff, indicates that he is a board-certified spine surgeon. Furthermore, Plaintiff cannot refuse to attend an examination with Dr. Reiss simply because he thinks that he is biased. *See Timpte v. Dist. Court In & For City & County of Denver,* 421 P.2d 728, 729 (Colo. 1966). The appropriate course is not to disqualify Dr. Reiss simply because Plaintiff alleges that he is biased. Rather, the proper resolution is to allow Dr. Reiss to proceed with an examination and then Plaintiff can fully explore any bias of Dr. Reiss through cross-examination. *See Douponce v. Drake,* 183 F.R.D. 565 (D.Colo. 1998).

Not only is a physical exam of Plaintiff permitted under F.R.C.P. Rule 35, but the plain, unambiguous terms and conditions of the insurance policy under which Plaintiff seeks UIM benefits provides for it. The policy states that a person making a UIM claim must:

> be examined as reasonably often as *we* may require by physicians chosen and paid by *us*. [Copy attached hereto as Exhibit P].

Plaintiff claims that he continues to suffer from the injuries he sustained in the accident and that he will require future treatment, including surgery. Therefore, Defendant is entitled to have Plaintiff attend a physical examination with a doctor of its choosing.

4

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order compelling Plaintiff to attend an examination with Dr. Brian Reiss.

DATED this 14th day of January, 2022.

Respectfully submitted,

**PATTERSON RIPPLINGER, P.C.**

s/ KARL A. CHAMBERS
_____
Franklin D. Patterson
Karl A. Chambers
*Attorneys for Defendant*
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
Telephone: (303) 741-4539
Email: fpatterson@prpclegal.com
   kchambers@prpclegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2022, a true and correct copy of the above and foregoing **DEFENDANT'S MOTION TO COMPEL MEDICAL EXAMINATION OF PLAINTIFF** was served upon the following via CM/ECF:

Lee N. Sternal, Esq.
414 W. 9th Street
Pueblo, Colorado 81003
(*Attorneys for Plaintiff*)

s/ TERRI A. TAYLOR
_____
Terri A. Taylor
Email: ttaylor@prpclegal.com

5