IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-01557-NYW-MDB

JERRY GARDNER,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Partial Summary Judgment on Plaintiff's Second and Third Claims for Relief (the "Motion" or "Motion for Partial Summary Judgment"). [Doc. 42]. Upon review of the Motion and the associated briefing, the applicable case law, and the record before the Court, the Court concludes that oral argument will not materially assist in the resolution of this matter. For the reasons set forth below, the Motion for Summary Judgment is respectfully **DENIED**.

## PROCEDURAL BACKGROUND

Plaintiff Jerry Gardner ("Plaintiff" or "Mr. Gardner") initiated this civil action on March 23, 2021 in the District Court for the City and County of Pueblo, Colorado, raising a single breach of contract claim against Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"). [Doc. 7 at 1, 4]. Plaintiff filed an Amended Complaint on May 12, 2021, adding claims for bad faith breach of an insurance contract and unreasonable delay or denial under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. [Doc. 8 at 6-9]. Defendant removed

the case to federal court on June 9, 2021, [Doc. 1], and answered the Amended Complaint on June 15, 2021. [Doc. 11].

Plaintiff alleges in his Amended Complaint that on August 4, 2016, he was involved in a motor vehicle accident in Pueblo, Colorado. [Doc. 8 at ¶ 6]. At the time of the collision, Plaintiff held underinsured motorist ("UIM") coverage through an insurance policy issued by Defendant. [*Id.* at ¶ 3]. Mr. Gardner entered into a settlement with the other driver's insurance company, Farmers Insurance, and the settlement was accepted by State Farm. [*Id.* at ¶¶ 12-13]. Mr. Gardner alleges that he tendered a UIM claim to State Farm, seeking compensation for damages incurred that were not covered by the settlement. [*Id.* at ¶¶ 12-16]. State Farm denied the UIM claim, which prompted Mr. Gardner to file this lawsuit. [*Id.* at ¶ 14, 18].

State Farm filed the instant Motion for Partial Summary Judgment on May 2, 2022. [Doc. 42]. Mr. Gardner responded in opposition, *see* [Doc. 44], and State Farm has since replied. [Doc. 45].[1] This matter is thus ripe for disposition.

## UNDISPUTED MATERIAL FACTS

The below material facts are drawn from the Parties' briefing and are undisputed unless otherwise noted.

1. On August 4, 2016, Plaintiff was involved in a motor vehicle accident. [Doc. 42 at ¶ 1; Doc. 20 at 3].

2. At the time of the collision, Mr. Gardner was the named insured of an automobile policy issued by Defendant that was in full force and effect. [Doc. 42 at ¶ 3; Doc. 20 at 3]. That policy included UIM coverage, subject to the terms and conditions of the policy. [Doc. 42 at ¶ 3; Doc. 20 at 3].

---

[1] The case was reassigned to the undersigned on August 4, 2022. [Doc. 58].

2

2. On June 4, 2019, Plaintiff's counsel advised State Farm that Mr. Gardner was settling his claim with Farmers Insurance, the insurance of the at-fault driver, for $50,000.[2] [Doc. 20 at 3; Doc. 42 at ¶ 4; Doc. 42-1 at ¶ 4].

3. That same day, Plaintiff's counsel advised State Farm that Mr. Gardner would be asserting a UIM claim "against the $100,000 of available UIM coverage under the State Farm policy." [Doc. 42 at ¶ 4; Doc. 42-1 at ¶ 4].

4. Plaintiff's counsel further advised State Farm that as of June 4, 2019, Plaintiff had incurred approximately $23,000 in medical expenses. [Doc. 42 at ¶ 5; Doc. 42-1 at ¶ 5].

5. On June 14, 2019, State Farm informed Mr. Gardner that based on the information then submitted by Mr. Gardner, State Farm had evaluated his claim and had determined that the value of the claim was "within the available liability limits" of the Farmers Insurance settlement, such that no UIM benefits were owed to Mr. Gardner. [Doc. 42 at ¶ 6; Doc. 42-1 at ¶ 6].

6. State Farm informed Mr. Gardner that it would consider any additional information that he wished to submit. [Doc. 42 at ¶ 6; Doc. 42-1 at ¶ 6].

7. Between June 14, 2019 and March 10, 2021, Mr. Gardner did not provide any additional information related to his injuries or medical treatment to State Farm. [Doc. 42 at ¶ 7; Doc. 42-1 at ¶ 7].

---

[2] Mr. Gardner does not respond to or contest any of the assertions in State Farm's Statement of Undisputed Facts. *See* [Doc. 44 at 3]. Accordingly, those assertions, to the extent they are supported by record evidence, are deemed undisputed for purposes of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

8. On March 11, 2021, Mr. Gardner submitted to State Farm additional treatment notes from November 30, 2020; December 29, 2020; January 12, 2021; and January 25, 2021. [Doc. 42 at ¶ 8; Doc. 42-1 at ¶ 8].

9. On March 18, 2021, State Farm informed Mr. Gardner that medical bills were missing from the newly provided treatment notes and that State Farm had no medical records or bills for treatment between March 13, 2018 and November 20, 2020; State Farm requested the submission of this missing information "along with information concerning any new accidents or injuries between March 13, 2018 and November 20, 2020." [Doc. 42 at ¶ 9; Doc. 42-1 at ¶ 9].

10. Mr. Gardner filed this lawsuit on March 23, 2021. [Doc. 42 at ¶ 10; Doc. 42-1 at ¶ 10; Doc. 7].

11. On that date, Plaintiff's counsel advised State Farm that "he recognized that State Farm had 'not been given sufficient time to give proper consideration to Mr. Gardner's demand.'" [Doc. 42 at ¶ 11; Doc. 42-1 at ¶ 11].[3]

12. On April 14, 2021, Mr. Gardner provided State Farm with receipts for payments made to Colorado Springs Orthopaedic Group and Synergy Physical Therapy and Wellness. [Doc. 42 at ¶ 12; Doc. 42-1 at ¶ 12].[4]

---

[3] The full statement in Defendant's Statement of Undisputed Facts sets forth: "On March 23, 2021, Plaintiff's counsel advised Defendant that he recognized that Defendant had 'not been given sufficient time to give proper consideration to Mr. Gardner's demand' and, therefore, he would wait a reasonable time for Defendant to respond." [Doc. 42 at ¶ 11]. It is not clear from the Motion to what Defendant refers when it states that Plaintiff's counsel waited a "reasonable time for Defendant to respond." See [id.]. For purposes of clarity, the Court notes that Mr. Gardner alleges in his Amended Complaint that he informed State Farm that "although the action had been filed the pleadings would not be served until State Farm had been given additional time to consider the newly presented facts and [Plaintiff's] renewed settlement demand." [Doc. 8 at ¶ 17].

[4] Defendant's Motion and Ms. Nesmith's affidavit both state that these receipts reflect payments "between November 30, 2021 and April 6, 2021." [Doc. 42 at ¶ 12; Doc. 42-1 at ¶ 12]. While the Court assumes this is a typographical error, the Court cannot presume the date range intended by Defendant.

13. The receipts reflected payments of $840.00. [Doc. 42 at ¶ 13; Doc. 42-1 at ¶ 13].

13. Mr. Gardner did not include treatment notes or itemized medical bills associated with the credit card payment receipts submitted on April 14, 2021. [Doc. 42 at ¶ 12; Doc. 42-1 at ¶ 12].[5]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation omitted).

"[I]t is not the party opposing summary judgment that has the burden of justifying its claim; the movant must establish the lack of merit." *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1110 (10th Cir. 2009). In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To satisfy this burden, the

---

[5] Mr. Gardner asserts a number of facts which he asserts should be considered by the Court. [Doc. 44 at ¶¶ 14-24]. Most of these allegations are unsupported by record evidence and will not be considered by the Court in ruling on the Motion for Summary Judgment. *See* [*id.* at ¶¶ 16-24]; *see also* Fed. R. Civ. P. 56(c) (a party asserting an undisputed material fact "must support the assertion by . . . citing to particular parts of materials in the record").

nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 (4th ed. 2022) (explaining that the nonmovant cannot rely on "mere reargument of his case or a denial of an opponent's allegation" to defeat summary judgment). In considering the evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Adler*, 144 F.3d at 670.

## ANALYSIS

State Farm moves for summary judgment on Mr. Gardner's latter two claims: bad faith breach of an insurance contract, often referred to as "common law bad faith," and unreasonable delay or denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, also referred to as "statutory bad faith." *See generally* [Doc. 42]; *see also Dowgiallo v. Allstate Ins. Co.*, No. 19-cv-03035-KMT, 2020 WL 1890668, at *2 (D. Colo. Apr. 16, 2020). The Court addresses the Parties' respective arguments in turn.

### I. Bad Faith Claims Under Colorado Law

Colorado law provides for two types of bad faith claims arising out of an alleged breach of an insurance contract: (1) common law bad faith and (2) statutory bad faith. *Id.* The two claims are similar, but nevertheless distinct. "[B]oth common law and statutory bad faith claims require a showing of unreasonable conduct." *McKinney v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01651-CMA-KLM, 2021 WL 4472921, at *4 (D. Colo. Sept. 30, 2021). A statutory bad faith claim primarily concerns whether an insurer denied or delayed the payment of insurance benefits

without a reasonable basis. *State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018); *see also* Colo. Rev. Stat. § 10-3-1115(1)(a), (2) (an insurer "shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant. . . . an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action."). To succeed on a claim of unreasonable delay or denial, an insured must establish that (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis. *Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185-86 (Colo. 2018).

In addition to an insurer's statutory duties, an insurer has a simultaneous common law duty to deal in good faith with its insured. *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004). "Due to the 'special nature of the insurance contract and the relationship which exists between the insurer and the insured,' an insurer's breach of the duty of good faith and fair dealing gives rise to a separate cause of action arising in tort." *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004) (quoting *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003)). "The requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim." *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020). In addition to demonstrating that the insurer delayed or denied the payment of benefits without a reasonable basis, "a common law insurance bad faith claim requires the insured to [prove] . . . that the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Id.* (quoting *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015)).

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Vaccaro v. Am Family Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012); *Zolman v.*

7

*Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011). But "in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Id.* "The reasonableness of the insurer's conduct is determined objectively and is 'based on proof of industry standards." *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018) (quoting *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004)); *Bankr. Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008) ("[T]he question is whether a reasonable insurer under the circumstances would have denied or delayed payment of the claim.").

## II.     Plaintiff's Common Law Bad Faith Claim

State Farm first argues that it is entitled to summary judgment on Mr. Gardner's common law bad faith claim. [Doc. 42 at 7]. In support, it suggests that Mr. Gardner "alleges, in conclusory statements, that Defendant's actions were unreasonable and that it knew its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable," but "fails to provide any factual support for his allegations." [*Id.*]. But Defendant cites no authority establishing that a purportedly insufficient pleading is an appropriate basis for *final judgment* in its favor. *See* [*id.*]. Indeed, a motion for summary judgment is not the appropriate vehicle to raise an argument attacking the sufficiency of the allegations in the Amended Complaint; rather, such an argument should have been raised in a motion to dismiss under Rule 12(b)(6) before Defendant filed its Answer on June 15, 2021. *See* Fed. R. Civ. P. 12(b) ("A motion asserting [a Rule 12(b)(6)] defense[] must be made before pleading if a responsive pleading is allowed."). Raising this argument in the early stages of the proceedings is appropriate, as it provides both time and an opportunity for the plaintiff to amend any allegations deemed deficient, if appropriate. Belatedly

raising this argument nearly a year after the case was filed and near the close of discovery[6] does not afford Plaintiff this same opportunity.

At this stage in the proceedings, it is not Plaintiff's burden to justify the sufficiency of the allegations in his Amended Complaint; rather, it is *Defendant's* burden to "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only when Defendant meets this burden does the burden shift to Plaintiff to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Because the arguments attacking the factual sufficiency of Plaintiff's allegations should have been raised much earlier, and because the Court is not persuaded that any purported deficiencies in the Amended Complaint is a sufficient basis to enter judgment in favor of Defendant, the Court declines to address this argument.

In the alternative, State Farm contends that "[t]he chronology of events" set forth in its Statement of Undisputed Facts "demonstrates that Defendant timely responded to inquiries from Plaintiff and considered new information in its evaluation as it was supplied by Plaintiff." [Doc. 44 at 7]. State Farm asserts that Mr. Gardner's common law claim is based on nothing more than a disagreement between the Parties with respect to the valuation of the UIM claim, which cannot serve as the basis of a bad faith claim. [*Id.* at 8].

Defendant is correct that "[u]nreasonable conduct cannot be established by virtue of a mere disagreement of value between the insured and insurer." *Yale Condos. Homeowner's Ass'n, Inc. v. Am. Fam. Mut. Ins. Co., S.I.*, No. 19-cv-02477-KMT, 2021 WL 1222518, at *7 (D. Colo. Apr. 1, 2021). However, an insurer cannot "avoid liability for unjustified denials of benefits simply by

---

[6] Defendant filed the Motion for Summary Judgment on May 2, 2022. [Doc. 42]. Discovery closed on July 1, 2022. [Doc. 41].

framing each denial as a valuation dispute." *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 760 (Colo. App. 2012). Indeed, "every lawsuit over insurance coverage is a valuation dispute to the extent that the parties disagree about how much should be paid under a policy, or whether the policy provides for coverage at all," and to permit insurers to escape liability for purported bad faith by framing the issue as a mere valuation dispute would permit insurers to "refuse to pay any claim where money is at issue." *Id.* While "a genuine difference of opinion over the value of an insurance claim *weighs against* a finding of bad faith," a valuation dispute does not *per se* insulate an insurer from liability for bad faith. *Id.* (emphasis added). Here, the Court notes that Defendant's Statement of Undisputed Facts focuses on its claims handling conduct and does not clearly set forth its valuation of Plaintiff's UIM claim or Plaintiff's contrasting valuation, so as to support Defendant's position that this case presents a mere valuation dispute. *See* [Doc. 42 at ¶¶ 1-13].

Moreover, Mr. Gardner disputes that his case is a simple dispute over the valuation of his UIM claim; he asserts that "not only has nothing been offered [to him] as UIM compensation, but State Farm has admitted it has made no attempt to even given consideration to the possible value of damages associated with neck surgery that has been recommended [to Plaintiff] but [has] not yet occurred." [Doc. 44 at 7]. In support, Mr. Gardner directs the Court to certain deposition transcripts wherein State Farm's claims adjuster, Betsy Nesmith, stated that State Farm had not asked anyone to do a record review of Mr. Gardner's case, even though a physician had opined that "neck surgery was indicated" for Mr. Gardner, *see* [Doc. 44-3 at 46:1-17; 46:21-47:2], and that "no consideration [as] to any possible future neck surgery" was given in the evaluation of Plaintiff's UIM claim. [*Id.* at 53:11-17]; *see also* [*id.* at 60:7-12 (Ms. Nesmith saying that "future pain and suffering [were not] allotted in [her] evaluation" of Plaintiff's UIM claim)]; [*id.* at 86:15-

10

23 (Ms. Nesmith stating that she did not recall seeing anything in Mr. Gardner's records demonstrating that his pain and impairments did not result from the August 2016 collision)].

"UIM benefits . . . are not limited to medical bills for past treatment, but can include payment for future medical expenses, lost wages, emotional damages." *Vansky v. State Farm Auto. Ins. Co.*, No. 20-cv-01062-PAB-NRN, 2022 WL 900160, at *6 (D. Colo. Mar. 28, 2022). Plaintiff's apparent theory of relief is not that State Farm undervalued his UIM claim, but that State Farm outright failed to consider his future medical expenses and future pain and suffering in its evaluation, which Plaintiff contends amounts to bad faith. *See* [Doc. 44 at 7-9]. He has submitted evidence in support of that assertion. Accordingly, genuine issues of material fact exist with respect to the reasonableness of State Farm's conduct, which is appropriately reserved for the jury. *Vaccaro*, 275 P.3d at 759.

In its Reply, State Farm continues to argue that Plaintiff's case presents nothing more than a valuation disagreement. [Doc. 45 at 5]. In support, State Farm contends that "[t]he undisputed facts establish that Plaintiff had medical expenses of about $23,000," and thus, "the $50,000 that he received from [Farmers Insurance] fully compensated him for his past medical expense[s] plus an additional $27,000 for pain and suffering." [*Id.*]. It argues that "State Farm simply determined that the $27,000 that could be attributed to pain and suffering damages adequately compensated Plaintiff based on the information available to it," [*id.*], citing to Ms. Nesmith's deposition testimony wherein she stated that, at the time she evaluated Plaintiff's UIM claim, she believed $27,000 was "fair compensation" for Plaintiff's pain and suffering and "whatever else [Plaintiff] might have to spend in the future on medical expenses." *See* [Doc. 45-1 at 62:3-9, 16-21].

The Court is respectfully unpersuaded that this argument entitles Defendant to summary judgment on Plaintiff's bad faith claim. While Defendant cites to deposition testimony wherein

11

Ms. Nesmith states that she believed the $27,000 non-medical payments would compensate Plaintiff for future medical expenses, Plaintiff has submitted evidence that State Farm did not consider the possibility that Plaintiff may have neck surgery in the future in the evaluation of his UIM claim.  This apparent inconsistency is the precise kind of factual dispute or credibility determination that must be resolved by the fact finder—not the Court.  *See Hunderson v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-02720-CMA-SKC, 2022 WL 4365977, at *2 (D. Colo. Sept. 21, 2022) (denying summary judgment where "[b]oth parties ha[d] presented evidence to support their respective positions regarding reasonableness")].  Moreover, State Farm has presented no evidence of applicable industry standards establishing the reasonableness of its conduct, nor does it argue that Mr. Gardner cannot present evidence of applicable industry standards.  *See Jewell v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-02536-KLM, 2020 WL 1627348, at *5 (D. Colo. Feb. 26, 2020) ("Defendant here had the initial burden in the [motion for summary judgment] of either (1) providing evidence that Defendant complied with industry standards applicable to the facts of this case, or (2) pointing out that Plaintiff lacked evidence of an objective industry standard applicable to the facts of this case showing that Defendant acted unreasonably.  Defendant failed to do so.").  For these reasons, the Motion for Summary Judgment is **DENIED** with respect to Claim Two.

### III.   Plaintiff's Statutory Bad Faith Claim

Next, State Farm argues that it is entitled to judgment as a matter of law on Claim Three—Plaintiff's statutory bad faith claim.  [Doc. 42 at 9].[7]  It asserts that "the amount of benefits, if any,

---

[7] Insofar as State Farm argues that "Plaintiff's failure to provide factual support for his allegations [in the Amended Complaint] requires dismissal of the bad faith claim," *see* [Doc. 42 at 9], the Court declines to consider this argument at the summary judgment stage for the reasons set forth above.

owed to Plaintiff is fairly debatable," and "Defendant has the right to challenge Plaintiff's valuation of a claim." [*Id.*]. Defendant's argument boils down to a contention that it is entitled to summary judgment on Claim Three because the validity of Plaintiff's UIM claim was fairly debatable. [*Id.*]. As a legal matter, the Court respectfully disagrees with the premise of Defendant's argument. To be sure, "[u]nder Colorado law, it is reasonable for an insurer to challenge claims that are 'fairly debatable.'" *Vaccaro*, 275 P.3d at 759 (quoting *Zolman*, 261 P.3d at 496). But "an insurer cannot rely on the mere fact that the claim was fairly debatable in order to prove that it acted reasonably as a matter of law," *Wheatridge Off., LLC v. Auto-Owners Ins. Co.*, 578 F. Supp. 3d 1187, 1206 (D. Colo. 2022), because "Colorado law is clear that whether a claim is fairly debatable is not the sole inquiry in a reasonableness analysis." *Nibert v. Geico Cas. Co.*, 488 P.3d 142, 146 (Colo. App. 2007). "[A]lthough fair debatability is part of the analysis of a bad faith claim, it is not necessarily sufficient, standing alone, to defeat such a claim," and it is not "outcome determinative as a matter of law." *Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1217, 1218 (Colo. App. 2010). Stated another way, even if Defendant is correct that Plaintiff's UIM claim was fairly debatable, Defendant's reliance on fair debatability is insufficient, standing alone, to entitle it to summary judgment on Claim Three. *See Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1006 (D. Colo. 2020) ("While the Court has concluded that plaintiff's claim was fairly debatable, which weighs in favor of finding that its conduct was reasonable, this does not entitle defendant to summary judgment.").

This is particularly true where, as here, genuine issues of material fact exist as to the reasonableness of the insurer's conduct. *See id.* Mr. Gardner argues that his statutory claim is not based on a valuation dispute, as Defendant suggests, but "the refusal of [State Farm] to even [consider] the damages that have occurred and which will continue to occur subsequent to June

13

2019." [Doc. 44 at 13]. And as explained above, Mr. Gardner has cited record evidence demonstrating that State Farm did not consider future medical expenses or future pain and suffering in evaluating his UIM claim. *See* [Doc. 44-3 at 46:1-17; 46:21-47:2; 53:11-17; 86:15-23]. Contrary to Defendant's argument, this case does not involve a simple "disagreement over the value of non-economic damages," [Doc. 42 at 11], but instead, whether State Farm appropriately considered all of the damages claimed by Mr. Gardner. *Cf. Nyborg v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01918-RM-KLM, 2022 WL 3017106, at *4 (D. Colo. July 29, 2022), *report and recommendation adopted*, 2022 WL 3369544 (D. Colo. Aug. 16, 2022) ("An [insurer's] investigation is unreasonable where it fails to consider evidence that may support an insured's claim.").

"Typically, in cases like this, the parties employ experts to opine whether such conduct aligns with industry standards." *Ridgeview Ctr. LLC v. Canopius US Ins. Inc.*, No. 18-cv-02850-REB-MEH, 2019 WL 2137394, at *4 (D. Colo. May 16, 2019), *report and recommendation adopted*, 2019 WL 13149200 (D. Colo. Sept. 17, 2019). The reasonableness of State Farm's conduct, in light of industry standards and all of the evidence in this case, is a determination that must be made by the jury. *Vaccaro*, 275 P.3d at 759; *Thompson*, 457 F. Supp. 3d at 1006 ("Where, as here, genuine issues of material fact exist as to the basis for defendant's denial of coverage, reasonableness under the circumstances should be determined by the jury."). The Court is therefore unable to determine, as a matter of law, that Defendant is entitled to summary judgment on Claim Three. For this reason, the Motion for Summary Judgment is respectfully **DENIED** with respect to Plaintiff's statutory bad faith claim.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Defendant's Motion for Partial Summary Judgment on Plaintiff's Second and Third Claims for Relief [Doc. 42] is **DENIED**.


DATED:  November 8, 2022                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

15